# Commonwealth ex rel. Dote v. Burke

*George W. Black*, for relator.

*Carlon M. O'Malley*, District Attorney, and *William J. Kearney*, Assistant District Attorney, of Lackawanna County, for respondent.

KNIGHT, P. J., January 29, 1951.—On September 14, 1950, as of September term, 1950, no. 13, relator filed in this court a petition for a writ of habeas corpus.

On that petition a rule was allowed on the Attorney General of Pennsylvania, the District Attorney of Lackawanna County, and the District Attorney of Montgomery County, to show cause why a writ should not issue. A responsive answer was filed by the District Attorney of Lackawanna County.

As questions of fact were raised, we made the rule absolute, and set a hearing for October 27, 1950, in Courtroom B.

On October 27th, there appeared in Courtroom B, relator, Alphonse Dote, accompanied by his wife, and

his counsel, George M. Black, of Rome, N. Y. There were also present Carlon M. O'Malley, the District Attorney of Lackawanna County, and his assistant, William J. Kearney, Esq. These gentlemen had brought with them several witnesses from Lackawanna County.

The hearing proceeded, and respondents called William J. Banmiller, who produced a photostatic copy of the commitment of relator to the Eastern State Penitentiary. The document was admitted in evidence, and respondents rested.

The writer, who was the hearing judge, then called upon relator to go forward with his evidence, whereupon relator advanced to the bench and stated he wanted to withdraw the application and writ.

The court asked relator if he fully knew what he was doing, and he said he did. A statement was made for the record by his attorney that relator was withdrawing the writ after consulting with his counsel, Mr. Black, and his wife.

The hearing judge then wrote on the writ: "And now, October 27th, 1950 after conferring with counsel and receiving his advice I withdraw this writ."

Relator signed his name to the above, after it was read to him twice.

On January 25, 1951, Alphonse Dote filed another petition in this court, alleging that he was illegally restrained of his liberty, and praying that a writ of habeas corpus issue.

The allegations in this new petition are the same as those made in the petition of September 14, 1950, and the reasons advanced for his discharge are the same as contained in the former petition. Relator gives no reason for not proceeding with the hearing on October 27, 1950, nor does he state that new or additional evidence is now available to him, which was not available on October 27, 1950. In fact, in the present petition he does not mention the previous petition.

The only new matter in the petition before us is an allegation that during his imprisonment in the Eastern State Penitentiary he was illegally removed to New York for a few days (he does not give the reason), and then illegally returned to Pennsylvania.

Even if this were true, it would not constitute a sufficient cause to discharge him. Relator had a full and fair opportunity to present his case on October 27, 1950, when he was in court represented by counsel, and when respondents were present with witnesses. Instead of going forward with his contentions and evidence, he withdrew the writ.

Now, without giving any reason whatever, he asks for another hearing. He cannot be permitted to trifle with the processes of the law in this way.

And now, January 29, 1951, the application for a writ of habeas corpus is refused, and the petition dismissed.